IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA PALOMARES<br><br>Plaintiff,<br><br>v.<br><br>SECOND FEDERAL SAVINGS and LOAN ASSOCIATION OF CHICAGO d/b/a SECOND FEDERAL SAVINGS<br><br>Defendant. | Case No. 10-cv-6124<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the joint motion by Plaintiff Ana Palomares and Defendant Second Federal Savings and Loan Association of Chicago, (collectively "the Parties"), for the reassignment and consolidation of related cases pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a). Through their motion, the Parties seek an order designating the following six cases as related to the case *sub judice*: (1) *Jaime Camarena v. Second Federal Savings and Loan Association of Chicago*, No. 10-cv-6126 ("*Camarena*"); (2) *Florinda Munoz v. Second Federal Savings and Loan Association of Chicago*, No. 10-cv-6128 ("*Munoz*"); (3) *Silvia Rosales v. Second Federal Savings and Loan Association of Chicago*, No. 10-cv-6130 ("*Rosales*"); (4) *Liliana Serrano v. Second Federal Savings and Loan Association of Chicago*, No. 10-cv-6131 ("*Serrano*"); (5) *Josephine Sanchez v. Second Federal Savings and Loan Association of Chicago*, No. 10-cv-6133 ("*J. Sanchez*"); (6) *Gilbert Sanchez v. Second Federal Savings and Loan Association of Chicago*, No. 10-cv-6134 ("*G. Sanchez*"). The Parties also ask this Court to reassign and consolidate the actions for the purpose of discovery. For the reasons stated below, we grant the Parties' joint motion.

**BACKGROUND**

On September 24, 2010, Plaintiff Ana Palomares ("Plaintiff" or "Palomares") filed a seven count complaint against Defendant Second Federal Savings and Loan Association of Chicago ("Second Federal") asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., the Age Discrimination in Employment Act of 1967 ("the ADEA"), 29 U.S.C. § 621 *et seq*., and the Illinois Human Rights Act ("the IHRA"), 775 ILCS 5/2-101 *et seq*. (Dkt. No. 1 p. 1.) Plaintiff is of Latino descent and was employed as a loan officer with Second Federal. (*Id*. at ¶¶ 3, 14, 19.) Plaintiff was one of twenty employees terminated by Second Federal on September 8, 2009. (*Id.* at ¶ 20.) Sixteen of the twenty terminated employees were of Latino descent. (*Id.*) The terminated employees who met the definition of "Executive Management" were entitled to receive between eight and twenty-six weeks of severance compensation depending upon the employee's length of service. (*Id.* at ¶ 23.) Those employees who did not meet the definition of "Executive Management" were entitled to receive between two and four weeks of severance pay. (*Id.*) The four non-Latinos were the only employees terminated on September 8, 2009 who met the definition of "Executive Management." (*Id.* at ¶ 27.)

Plaintiff alleges that Second Federal's definition of "Executive Management" had a disparate impact on Latino employees and was specifically designed to limit the severance compensation of the Latino employees. (*Id.* at ¶ 26.) Plaintiff alleges that Second Federal discriminated against her based upon her ancestry in violation of Title VII and the IHRA by treating non-Latinos with equal seniority more favorably than Plaintiff when providing severance compensation. (*Id.* at ¶¶ 18, 35.) Plaintiff also

2

alleges that she was wrongly terminated because of her age, gender, and status as the primary care provider for her children in violation of the ADEA, the IHRA, and Title VII. (*Id.* at ¶¶ 40, 53, 57, 68, 72.)

On the same day that Plaintiff filed her action, six other former Second Federal employees filed separate lawsuits against Second Federal. The *Camarena*, *Munoz*, *Rosales*, *Serrano*, *J. Sanchez*, and *G. Sanchez* actions are all pending in the Northern District of Illinois. The plaintiffs in each action are of Latino descent and each was terminated on September 8, 2009. The plaintiffs in the six actions are represented by the same counsel representing Plaintiff in the instant litigation. Each of the six complaints asserts violations of Title VII and the IHRA. With the exception of the *Camarena* and *Serrano* actions, each action also alleges violations of the ADEA. The *Camarena* action is pending before Judge Kendall, the *Munoz* and *J. Sanchez* actions are pending before Judge Leinenweber, the *Rosales* and *Serrano* actions are pending before Judge St. Eve, and the *G. Sanchez* action is pending before Judge Zagel.

## **LEGAL STANDARD**

The issue of whether to reassign a case under Local Rule 40.4 lies within the discretion of the district court. *Clark v Ins. Car Rentals, Inc.*, 42 F. Supp.2d 846, 847 (N.D. Ill. 1999). Local Rule 40.4 specifies the requirements that must be met to determine whether cases are "related" and sets forth the circumstances under which the reassignment of cases is appropriate. *See, e.g., Taylor-Holmes v. Office of the Cook County Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). A party seeking reassignment must first demonstrate that the cases are related by showing that at least one of the following conditions is satisfied: 1) the cases involve the same property; 2) the cases

involve some of the same issues of fact or law; 3) the cases grow out of the same transaction or occurrence; or 4) in class action suits, one or more of the classes involved in the cases is or are of the same. *River Vill. West LLC v. Peoples Gas Light & Coke Co.*, 2007 U.S. Dist. LEXIS 98507, at *2-5 (N.D. Ill. Feb. 14, 2007); L.R. 404(a).

The moving party must also demonstrate that reassignment is appropriate and that the conditions of Local Rule 40.4(b) are satisfied. A case may be reassigned only if each of the following criteria are met: 1) both cases are pending in this Court; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding. *River Vill. West*, 2007 U.S. Dist. LEXIS, at *3-4.

A district court can consolidate actions involving a common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a). *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). The question of whether consolidation will be useful is a matter within the court's discretion. *See, e.g., Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 644 (E.D. Wis. 1998). The rule is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties. 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE at § 2381. The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap. *See, e.g., Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999)

("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidated all before a single judge.").

## DISCUSSION

The requirements of Local Rule 40.4(a) are met because the current case and the *Camarena*, *Munoz*, *Rosales*, *Serrano*, *J. Sanchez*, and *G. Sanchez* cases all have very similar questions of law and fact and all seven cases grow out of the various plaintiffs' employment with Second Federal and their subsequent termination on September 8, 2009. The plaintiffs in each case are of Latino ancestry, were employed by Second Federal, were terminated on the same date, and allege that Second Federal's severance policy had a disparate impact on Latinos. Each complaint alleges that the severance compensation policy was discriminatory because it treated non-Latinos with equal seniority more favorably than these plaintiffs. Each of the seven complaints also assert that Second Federal's conduct in implementing the severance policy violated Title VII and the IHRA. Five of the seven plaintiffs are over forty years old (*Palomares*, *Munoz*, *Rosales*, *J. Sanchez*, and *G. Sanchez*) and allege that they were wrongfully terminated due to their age in violation of the ADEA. Claims of retaliatory discharge are asserted in the *Munoz, Serrano*, and *J. Sanchez* matters while *Palomares*, *Camarena*, *Munoz*, and *Rosales* allege that gender and/or their status as primary care provider for minor children played an improper role in Second Federal's employment practices including its decision to terminate these plaintiffs. This Court finds that the seven cases have substantial overlap and meet the requirements to be considered "related" pursuant to Local Rule 40.4(a).

The requirements for reassignment under Local Rule 40.4(b) are also met. All seven cases are pending in the Northern District of Illinois. There is no danger of delay as all seven cases were filed on the same day and all are at the same stage of litigation. On November 5, 2010, Second Federal filed a motion to dismiss in each of the seven matters. Substantial savings in judicial time and effort will be gained, and wasteful overlap will be avoided, by having one court rule on the pending motions to dismiss and handle the cases going forward. Reassignment will also likely result in the disposition of the seven cases in a single consistent proceeding. The Court finds that reassignment of the *Camarena*, *Munoz*, *Rosales*, *Serrano*, *J. Sanchez*, and *G. Sanchez* to this Court's docket is appropriate.

## **CONCLUSION**

For the foregoing reasons, this Court grants the Parties' motion for reassignment and consolidation due to relatedness. The *Camarena*, *Munoz*, *Rosales*, *Serrano*, *J. Sanchez*, and *G. Sanchez* actions are hereby transferred to this Court's calendar and consolidated with the instant action.

IT IS SO ORDERED.
November 9, 2010

                                              Hon. Sharon Johnson Coleman
                                              United States District Court