**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANA PALOMARES, JAIME CAMARENA, FLORINDA MUNOZ, SILVIA ROSALES, LILIANA SERRANO, JOSEPHINE SANCHEZ and GILBERT SANCHEZ, | ) ) ) Case No. 10-cv-6124 ) ) Judge Sharon Johnson Coleman |
| Plaintiffs, | ) Magistrate Judge Jeffrey Cole |
| v. | ) ) |
| SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO D/B/A SECOND FEDERAL SAVINGS, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on separate motions by Defendant Second Federal Savings and Loan Association of Chicago ("Second Federal") to dismiss Count V of the complaint filed by Florinda Munoz ("Munoz") and to dismiss Count III of the Complaint filed by Jaime Camarena ("Camarena"). For the reasons that follow, the Court grants Second Federal's motions without prejudice.

## FACTS

On September 24, 2010, Plaintiffs Munoz and Camarena filed separate complaints asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.* and the Illinois Human Rights Act (the "IHRA"). Munoz also alleged violations of the Age Discrimination in Employment Act of 1967 ("the ADEA"). Munoz and Camarena are both of Latino descent and were employed by Second Federal. Munoz held the position of Loan Closer and Camarena held the position of Assistant Vice President. Munoz and Camarena were among twenty employees who were terminated by Second Federal on September 8, 2009.

Sixteen of the twenty terminated employees were of Latino descent.  The terminated employees who met the definition of "Executive Management" were entitled to receive between eight and twenty-six weeks of severance compensation depending upon their length of employment.  Those employees who did not meet this definition were entitled to receive between two to four weeks of severance pay.  The four non-Latinos were the only terminated employees who met the definition of "Executive Management."

Munoz and Camarena filed separate actions alleging, *inter alia*, wrongful discharge and that Second Federal's definition of "Executive Management" had a disparate impact on Latino employees and was specifically designed to limit the severance compensation of Latino employees.  The Court consolidated Munoz and Camarena's action and the actions of five other former employees of Second Federal of Latino descent who were also terminated on September 8, 2009.  All plaintiffs voluntarily dismissed their state law claims on November 23, 2009.  Second Federal now moves to dismiss Munoz's claim of retaliatory discharge (Count V) and Camarena's claim of discrimination based upon his gender and status as a primary caregiver (Count III).

## STANDARD OF REVIEW

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  *Christensen v. County* of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  Pursuant to the federal notice pleading standard, a complaint need only provide a short and plain statement of the claim showing that the plaintiff is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  When evaluating the sufficiency of a complaint, a district court must construe the complaint in the light most favorable to the nonmoving party.  *Id.*  The

Supreme Court has described the bar that a complaint must clear for purposes of Rule 12(b)(6) as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## DISCUSSION

**1. Plaintiff Florinda Munoz**

In Count V of her complaint ("Munoz Compl.), Munoz alleges discriminatory discharge based on retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*. Title VII prohibits discrimination based upon race, color, religion, sex, or national origin and further prohibits an employer from taking an adverse employment action against an employee simply because she has filed an unfair employment complaint. *See, e.g., Goodman v. NSA, Inc.*, 621 F.3d 651, 656 (7th Cir. 2010); Chapin v. Fort-Rohr Motors, Inc., 621 F.3d 673, 677 (7th Cir. 2010); 42 U.S.C. §§ 2000e-2(a) and e-3(a). Second Federal seeks dismissal of Count V alleging Plaintiff Munoz failed to state a claim for retaliation under Title VII. A plaintiff asserting a retaliation claim under Title VII must allege that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected expression and the adverse action. *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1457 (7th Cir. 1994). In her complaint, Munoz alleged she was wrongfully discharged in retaliation for complaining to her superiors of the harassment she

suffered at the hands of her male co-worker Joseph Lee ("Lee"). (Munoz Compl. ¶ 56.) Munoz alleges Lee harassed her by calling her names such as "stupid," criticizing her work performance, and attributing his errors to Plaintiff. (*Id.* at ¶ 59.) Although filing an official complaint with an employer may constitute statutorily protected activity under Title VII, the complaint must indicate that the harassment occurred because of sex, race, national origin, or some other protected class. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). Count V fails to reference that Munoz is a member of a protected class or that the harassment she allegedly suffered was the type of harassment that Title VII prohibits. As such, Munoz's allegations are insufficient to provide Second Federal with fair notice of the claim she is asserting in Count V or the grounds upon which the claim rests as required by Fed. R. Civ. P. 8(a). *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 505, 514 (2002) (reversing dismissal of discriminatory termination action where plaintiff met pleading requirements by providing basis for alleged discrimination and the details leading up to his termination); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (explaining that a plaintiff must identify the type of discrimination that she thinks occurred in her complaint to satisfy the notice pleading requirements). The Seventh Circuit has held, however, that a complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) simply because it omits factual allegations. *La Porte Cnty Republican Cent. Comm. V. Bd. of Comm'rs of Cnty of La Porte*, 43 F.3d 1126, 1129 (7th Cir. 1994). Therefore, the Court dismisses Count V of Munoz's complaint without prejudice and orders Munoz to amend her complaint within thirty days.

### 2. Plaintiff Jaime Camarena

In Count III of his complaint ("Camarena Compl."), Camarena alleges that he was discriminated on the basis of his sex and his status as the primary caregiver for his five year old

son. (Camarena Compl. ¶ 41.) Camarena alleges that he received disparate treatment than his male co-worker, Robert Lee ("Lee"), who was not the primary caregiver for his minor children. (*Id.* at ¶¶ 45-53.) Second Federal seeks dismissal of Count III for failure to state a claim. Second Federal argues that Camarena has not alleged that he was discriminated against because of his gender and that Camarena's familial status as a "primary caregiver" is not a protected class under Title VII absent sexual stereotyping. Camarena counters that a line of federal cases establish that "gender plus" or "sex plus" discrimination is a independent cause of action under Title VII.

Camarena misapprehends the decisional law on "gender plus" claims. Gender plus claims are really a sub-category of gender discrimination claims, and a plaintiff must allege discrimination, harassment, or retaliation based on gender *plus* familial status and not familial status alone. *See, e.g. Coffman v. Idpls Fire Dep't,* 578 F.3d 559, 563 (7th Cir. 2009) (noting "sex plus" theory of discrimination "hinges on disparate treatment based on sex in conjunction with another characteristic"); *Stern v. Cintas Corp.*, 319 F. Supp. 2d 841, 858 (N.D. Ill. 2004) ("[u]nder Title VII, an employer may not treat mothers and mothers-to-be differently from fathers and fathers-to-be). The essential element of a "gender plus" claim is that men and women be treated differently. *Coffman*, 578 F.3d at 564; *Witt v. Cnty Insur. & Fin'l Servs.*, 2004 WL 2644397, at *3 (N.D. Ill. 2004) ("Title VII does, however, prohibit discrimination on the basis of marriage *plus* gender") (emphasis in original). Further, the Seventh Circuit has not yet decided whether to recognize a "gender plus" theory of discrimination. *Coffman*, 578 F.3d at 563. The courts that recognize "gender plus" claims require a plaintiff to allege that defendants took an adverse employment action at least in part on account of the plaintiff's sex. *Id.* at 564; *Chadwick v. WellPoint, Inc.*, 561 F.3d 38, 43 (1st Cir. 2009) (explaining that "sex plus" claims

refers to the situation where "an employer classifies employees on the basis of sex *plus* another characteristic") (emphasis in original); *Coleman v. B-G Maintenance Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1204 (10th Cir. 1997) ("Title VII prohibits employers from treating married women differently than married men, but it does not protect marital status alone.").

Camarena has failed to establish that his alleged discriminatory treatment was due in part to his sex. Indeed Camarena complains that he was treated differently than Lee, who is also a male. (Camarena Compl. ¶ 47, 52.) Absent any allegation of disparate treatment upon men and women, Count III fails to state a claim. The Court dismisses Count III of Camarena's complaint without prejudice and orders Camarena to amend his complaint within thirty days.

## CONCLUSION

For the foregoing reasons, this Court grants without prejudice the motions by Defendant Second Federal to Dismiss Count V of Plaintiff Florinda Munoz's complaint and Count III of Plaintiff Jaime Camarena's complaint. Plaintiffs Munoz and Camarena are given leave to file an Amended Complaint to cure the defects identified in this Memorandum Opinion and Order. Failure to do so will result in this Court's dismissal of these claims with prejudice.

**IT IS SO ORDERED.**
February 25, 2011

Dated

Hon. Sharon Johnson Coleman
United States District Court