**IN THIS UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ANA PALOMARES, JAIME CAMARENA, FLORINDA MUNOZ, SILVIA ROSALES, LILIANA SERRANO, JOSEPHINE SANCHEZ, GILBERT SANCHEZ, | } } } } } } } | Civil Action |
| Plaintiffs, | } } | Lead Case No. 10 cv 06124 |
| v. | } } | |
| SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO D/B/A SECOND FEDERAL SAVINGS, | } } } } } | |
| Defendant. | } | |

**PLAINTIFFS CONSOLIDATED REPLY TO DEFENDANT'S CONSOLIDATED
OPPOSITION TO MOTIONS TO STRIKE DEFENDANT SECOND FEDERAL
SAVINGS & LOAN ASSOCIATION OF CHICAGO D/B/A SECOND FEDERAL
SAVINGS'S ADDITIONAL DEFENSES
<u>CONTAINED IN ITS ANSWERS TO COMPLAINT</u>**

NOW COME Plaintiffs, Ana Palomares ("Palomares"), Florinda Munoz ("Munoz"), Jamie Camarena ("Camarena"), Silvia Rosales ("Rosales"), Liliana Serrano ("Serrano"), Josephine Sanchez ("J Sanchez") and Gilbert Sanchez ("G Sanchez") (Collectively referred to herein as "Plaintiffs"), by and through counsel, POKORNY & MARKS, LLC, and for their Consolidated Reply to Defendant's Consolidated Opposition to Motions to Strike Defendant Second Federal Savings & Loan Association of Chicago d/b/a/ Second Federal Savings's ("SECOND FEDERAL") Additional Defenses Contained in Its Answers to Complaint, state as follows:

I. **INTRODUCTION**

1. On April 4, 2011, Plaintiffs filed separate FRCP 12 Motions to Strike Defendant SECOND FEDERAL's Additional Defenses Contained in its Answers to Complaint (Collectively referred to herein as Motion to Strike").

2. On May 3, 2011, SECOND FEDERAL filed its Consolidated Opposition to Motions to Strike Additional Defenses ("Response").

3. SECOND FEDERAL's Response addresses only the Second, Third, Eighth and Ninth Additional Defenses. Therefore, Plaintiffs will reply only to the arguments raised in the Response regarding the Second, Third, Eighth and Ninth Additional Defenses.

II. **LAW AND ARGUMENT**

4. SECOND FEDERAL misapplies the law regarding the pleading standard for Affirmative Defenses. SECOND FEDERAL alleges that FRCP 8(d)(1) provides that a pleading allegation "must be simple, concise and direct" (See Response, pg. 2) SECOND FEDERAL further alleges that there is no technical form required for pleading Affirmative Defenses. (See Response, pg. 2.)

5. While SECOND FEDERAL correctly cites the Federal Rule applicable to pleading allegations, it fails to provide the Court with the applicable case law illustrating the pleading requirements for affirmative defenses. The Northern District of Illinois has routinely held that even under the liberal notice pleading standard, affirmative defenses must set forth a short and plain statement of the fact bases and ***must include direct or inferential allegations respecting the material elements of the defense alleged***. Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F.Supp.2d 800, 802 (N.D. Ill. 2000); See also, Chronister v. Superior Air/Ground Ambulance Service, Inc., 2005 WL 3019408, 2 (N.D. Ill. 2005) (emphasis added).

Therefore, bare bone legal conclusions are insufficient to withstand a motion to strike. Renalds, 119 F. Supp. 2d, at 802.

6. SECOND FEDERAL's Response further asserts that Plaintiffs burden requires a showing that SECOND FEDERAL cannot prove any set of facts in support of its defenses and cites Bobbitt v. Victorian House, Inc., 532 F. Supp. 734 (N.D. Ill. 1982) in support. Again, SECOND FEDERAL appears to be misleading the Court. Bobbitt lays out a three-part test to examine whether or not an affirmative defense should be stricken. Id. at 737. SECOND FEDERAL's Response provides the Court with the third prong of the test, yet strategically omits the first two prongs from its analysis. Id. *Prior to* the determination of whether or not defendant can prove any set of facts in support of its affirmative defense, the Court will (1) determine whether the matter is appropriately pleaded as an affirmative defense, and (2) determine whether the defense is adequately pleaded under the requirements of FRCP 8. Id. Here, Plaintiffs Motions allege that certain of SECOND FEDERAL's Additional Defenses are either inappropriately pleaded as affirmative defenses because they are mere denials of the Complaints' allegations, and/or they fail to comply with the pleading requirements of FRCP 8. Thus, SECOND FEDERAL's allegation that Plaintiffs have failed to meet their burden is premature at best.

      **A.** *Second Affirmative Defense.*

7. SECOND FEDERAL Second Affirmative Defense (Mitigation of Damages) is nothing more than a bare bones legal conclusion. SECOND FEDERAL fails to include any direct or inferential factual allegations supporting how Plaintiffs failed to mitigate their damages. Again, the Northern District of Illinois has held that such a defense does not comply with the pleading requirements set forth under FRCP 8. See Franklin Capital Corporation v. Baker &

Taylor Entertainment, Inc., 2000 WL 1222043, *5 (N.D. Ill.) (holding that though pleading requirements in mitigation defenses are lenient, the party pleading is obligated to supply enough facts to put the opposite party on notice of the course of conduct the opposite party was legally obligated to take.) See also, Cohn v. Taco Bell Corp., 1995 WL 493453, at *2 (N.D.Ill. Aug. 16, 1995).

8. As previously stated in the Motions, there seems to be a District split as to whether or not a defendant may assert a bare bones legal conclusion for a mitigation of damages defense. While other Circuits have distinguished a pleading standard different than FRCP 8 for the affirmative defense of mitigation, the 7th Circuit has not. The 7th Circuit has historically followed the pleading standard set forth under FRCP 8 for affirmative defenses and therefore should not permit SECOND FEDERAL to assert the defense without so much as a single allegation of support.

9. Accordingly, this Court must strike the Second Affirmative Defense for containing no basis in support, in violation of FRCP 8.

### B. *Third Affirmative Defense*

10. SECOND FEDERAL asserts that because no discovery has taken place wherein Plaintiffs may disclose additional events other than those in the Complaint, its Third Affirmative Defense (Statute of Limitations) may have merit.

11. The allegations in Plaintiffs' Complaints clearly state that the discrimination alleged resulted from their respective termination from employment from SECOND FEDERAL on or about September 8, 2009. SECOND FEDERAL has also admitted that Plaintiffs were terminated on or about September 8, 2009.

12. Notwithstanding the fact that SECOND FEDERAL's Third Affirmative Defense is nothing more than a legal conclusion, this Court cannot permit SECOND FEDERAL to raise a defense to hypothetical claims Plaintiffs have not asserted. Allowing such a defense would muddle the pending litigation with immaterial and irrelevant discovery requests, and further cause confusion and delay. Moreover, the Northern District of Illinois has previously struck defenses raised in regard to hypothetical claims. See Thomas v. Exxon Mobil Corporation, 2009 WL 377334, *2 (N.D. Ill. 2009).

13. Accordingly, the Third Affirmative Defense must be stricken.

### C. *Eighth Affirmative Defense*

14. SECOND FEDERAL alleges that its Eighth Affirmative Defense (bona fide seniority or merit system) is an express statutory defense and cites Klimek v. Village of Broadview, 735 F. Supp. 253 (N.D. Ill. 1989) in support. SECOND FEDERAL is mistaken and misstates the application of Klimek. Klimek is clearly distinguishable from the pending litigation in that the alleged discriminatory pay system was already in place at the time the plaintiffs were hired. Here, the 2009 Severance Plan was created after Plaintiffs were hired, and before the September 8, 2009 termination, to allegedly compensate "terminated" employees for their years of service to SECOND FEDERAL. However, SECOND FEDERAL's 2009 Severance Policy had an obvious and glaring disparate impact against the Plaintiffs terminated (Hispanic employees), some of whom had been employed by SECOND FEDERAL for over 25 years, by arbitrarily creating an convenient distinction between executive (mostly Caucasian) and non-executive (mostly Hispanic) employees which conveniently granted executive non-Hispanic terminated employees much greater severance pay.

15. This argument aside, the fact that SECOND FEDERAL created an alleged seniority or merit system in 2009 to provide a severance package for its employees terminated in September 2009 still remains nothing more than a denial of the Complaints' allegations and is not an affirmative defense. See <u>Thomas</u>, 2009 WL 377334 at *2.

16. Accordingly, the Eighth Affirmative Defense must be stricken, *with prejudice*.

   **D.**   *Ninth Affirmative Defense*

17. First and foremost, SECOND FEDERAL states (for the first time) that its Ninth Affirmative Defense (failure to exhaust administrative remedies) is not directed at Plaintiffs' Title VII claims – as Plaintiffs initially guessed – but instead at Plaintiffs' failure to exhaust their administrative remedies under the 2009 Severance Plan. This confusion forms the crux of why the FRCP 8 requires that defendant set forth "a short and plain statement of the fact bases and ***must include direct or inferential allegations respecting the material elements of the defense alleged***." See <u>Renalds</u>, 119 F. Supp. 2d, at 802. Obviously, Plaintiffs did not have any factual predicate to be put on notice as to what administrative remedy SECOND FEDERAL's Ninth Affirmative Defenses was referring to.

18. Furthermore, the case law cited by SECOND FEDERAL in support of its Ninth Affirmative Defense, as alleged, fails to provide any substantive support as to why SECOND FEDERAL's Ninth Affirmative Defense should not be struck for failing to comply with FRCP 8. SECOND FEDERAL cites to <u>Cen. States v. Cent. Cartage Co.</u>, 84 F. 3d 988, 990 (7th Cir. 1996) and again misstates the applicability to the case at bar. In <u>Cen. States</u>, the plaintiff brought an ERISA action to compel the employer to fulfill its ***contractual*** obligation to pay contributions to a certain pension fund on behalf of its employees. <u>Id.</u> The employer filed a motion to dismiss the lawsuit claiming the plaintiff had not exhausted its administrative remedies under <u>the</u>

<u>agreement</u> which provided for arbitration pursuant to the agreement's alternative dispute resolution clause. <u>Id.</u> SECOND FEDERAL knows very well that none of the Plaintiffs in the instant litigation signed or agreed to the Severance Plan, and therefore, its contractual provisions are not binding on Plaintiffs. There is no contracted administrative procedure in the instant case to which <u>Cen. States</u> is applicable.

19. Since SECOND FEDERAL's Ninth Affirmative Defense fails to comply with the pleading requirements of FRCP 8, it must be stricken.

WHEREFORE, Plaintiffs Ana Palomares, Florinda Munoz, Jaime Camarena, Silvia Rosales, Liliana Serrano, Josephine Sanchez and Gilbert Sanchez, requests that this Court:

A. Grant Plaintiffs FRCP 12(F) Motions to Strike Defendant Second Federal Savings & Loan Association of Chicago d/b/a/ Second Federal Savings's ("SECOND FEDERAL") Additional Defenses Contained in Its Answer to Complaint;

B. Strike Second Federal Savings and Loan Association of Chicago's Second, Third and Fourth Affirmative Defenses;

C. Strike Second Federal Savings and Loan Association of Chicago's First, Fifth, Sixth, Eighth and Ninth Affirmative Defenses *with prejudice*; and

D. Grant all such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **ANA PALOMARES, JAIME CAMARENA, FLORINDA MUNOZ, SILVIA ROSALES, LILIANA SERRANO, JOSEPHINE SANCHEZ AND GILBERT SANCHEZ**

By:    **/s/ Marissa B. Saltzman**
        One of their Attorneys

Spencer J. Marks, Esq. (1769928)
Marissa B. Saltzman, Esq. (6293683)
**POKORNY & MARKS, LLC**
6 West Hubbard, Suite 700
Chicago, Illinois 60654
(312) 540-0600